ACCEPTED
15-24-00090-cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/10/2025 9:57 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

1/10/2025 9:57:03 AM
CHRISTOPHER A. PRINE
Clerk



Robyn Hargrove
Direct Dial: 512.495.6329
rhargrove@scottdoug.com

January 10, 2025

*VIA ELECTRONIC FILING*
Christopher A. Prine
Fifteenth Court of Appeals
William P. Clements Building
300 W. 15th Street, Suite 607
Austin, TX 78701

Re:     *In re: Google, LLC*, 15-24-00087-CV and *In re: Google, LLC*, 15-24-00090-CV;
        Google's Notice of Case Development

Dear Mr. Prine:

This letter advises the Court that, on January 9, 2025, the Thirteenth Court of Appeals issued an opinion reversing the trial court's denial of Google's special appearance in Cause No. 22-01-88230-D, *State of Texas v. Google, LLC*, In the 377th District Court of Victoria County, Texas, and rendering judgment of dismissal of all claims for lack of personal jurisdiction. This ruling relates to the mandamus action currently pending before the Court in No. 15-24-00090-CV. Copies of the Thirteenth Court's opinion and judgment are attached to this letter filing.[1]

The Thirteenth Court's jurisdictional ruling does not relate to the mandamus action currently pending before the Court in No. 15-24-00087-CV, which arises out of No. CV5899, *State of Texas v. Google, LLC*, In the 385th District Court of Midland County, Texas.

Thank you for your attention to this matter.

---

[1] Memorandum Opinion and Judgment; Cause No. 13-23-00114-CV; In the Thirteenth Court of Appeals; On Appeal from the 377th District Court of Victoria County, Texas, Trial Court No. 22-01-88230-D.

4922-7073-9470

Respectfully submitted,

Robyn Hargrove

RH:aag
Attachments

cc:     All counsel of record

4922-7073-9470



# NUMBER 13-23-00114-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GOOGLE LLC,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                     Appellee.

## ON APPEAL FROM THE 377TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Peña**
**Memorandum Opinion by Chief Justice Tijerina**

This appeal is from the denial of a special appearance filed by appellant Google LLC. Appellee the State of Texas filed suit against appellant under the Texas Deceptive Trade Practices Act (DTPA) on its own behalf seeking civil penalties for alleged representations and omissions on appellant's website and software that are accessible nationwide. *See* TEX. BUS. & COM. CODE ANN. § 17.41 et seq. By three issues, Google

contends that the trial court erred in denying its special appearance because there is neither general nor specific jurisdiction in Texas, and traditional notions of fair play and substantial justice do not support the exercise of personal jurisdiction in Texas. We reverse and render.

## I.    STANDARD OF REVIEW AND APPLICABLE LAW

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000). A special appearance is a dilatory plea that challenges the trial court's subject-matter jurisdiction without regard to whether the asserted claims have merit. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Whether the trial court has personal jurisdiction over a defendant is a question of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Thus, we review the trial court's ruling on a special appearance *de novo. Id.* The trial court determines the special appearance by referring to the pleadings, any stipulations made by and between the parties, any affidavits and attachments filed by the parties, discovery, and any oral testimony. TEX. R. CIV. P. 120a(3). Because the question of a court's exercise of personal jurisdiction over a nonresident defendant is one of law, we review a trial court's determination of a special appearance *de novo. Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007); *BMC Software Belg.*, 83 S.W.3d at 793.

Where, as here, the trial court does not issue findings of fact and conclusions of law, all facts necessary to support the judgment and supported by the evidence are implied, and we presume that the trial court resolved all factual disputes in favor of its

2

ruling. *BMC Software Belg.*, 83 S.W.3d at 795; *Am. Type Culture Collection v. Coleman*, 83 S.W.3d 801, 805–06 (Tex. 2002). These implied findings are not conclusive and may be challenged for legal and factual sufficiency if the appellate record includes the reporter's and clerk's records. *BMC Software Belg.*, 83 S.W.3d at 795.

Texas courts may assert personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees. *Moki Mac*, 221 S.W.3d at 574; *Gray, Ritter & Graham, PC v. Goldman Phipps PLLC*, 511 S.W.3d 639, 654 (Tex. App.—Corpus Christi–Edinburg 2015, pet. denied). The Texas long-arm statute allows Texas courts to exercise personal jurisdiction over a nonresident defendant that "does business" in Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042; *BMC Software Belg.*, 83 S.W.3d at 795. The Texas long-arm statute sets out several activities that constitute "doing business" in Texas; however, the list is not exclusive, and Texas's long-arm statute's "broad language extends Texas courts' personal jurisdiction 'as far as the federal constitutional requirements of due process will permit.'" *Id.* (quoting *U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)). Therefore, "the requirements of the Texas long-arm statute are satisfied if the exercise of personal jurisdiction comports with federal due process limitations." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996).

Under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, a Texas court has personal jurisdiction over a nonresident defendant when (1) the nonresident defendant has established minimum contacts with the forum state, and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and

3

substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *BMC Software Belg.*, 83 S.W.3d at 795; *see* U.S. CONST. amend. XIV, § 1. "The exercise of personal jurisdiction is proper when the contacts proximately result from actions of the nonresident defendant which create a substantial connection with the forum state." *Guardian Royal Exch. Assurance, Ltd. v. Eng. China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

The plaintiff bears the initial burden of pleading "sufficient allegations to bring a nonresident defendant within the provisions of the [Texas] long-arm statute." *BMC Software Belg.*, 83 S.W.3d at 793. The Texas long-arm statute authorizes the exercise of jurisdiction over a nonresident defendant doing business in Texas. TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041–.045. Texas's long-arm statute provides:

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> > (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
> >
> > (2) commits a tort in whole or in part in this state; or
> >
> > (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

*Id.* § 17.042.

Once the plaintiff pleads sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute, the burden is on the defendant to challenge personal jurisdiction by filing a special appearance negating all bases of personal jurisdiction asserted by the plaintiff in its pleading. *Moki Mac*, 221 S.W.3d at 574;

4

*BMC Software Belg.*, 83 S.W.3d at 793; *El Puerto de Liverpool, S.A. de C.V. v. Servi Mundo Llantero, S.A. de C.V.*, 82 S.W.3d 622, 628 (Tex. App.—Corpus Christi–Edinburg 2002, pet. dism'd w.o.j.).

The defendant's contacts with the forum state may establish either specific or general jurisdiction over the nonresident defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction allows for the nonresident defendant to be sued in the forum state for all claims even if the claims are not related to the nonresident defendant's activities in that state. *BMC Software Belg.*, 83 S.W.3d at 796. In other words, the defendant is treated as if the defendant's contacts with the forum state have been so constant, the defendant has been essentially rendered "at home" in the forum state, which is the equivalent to the defendant either having a principal place of business in the forum state or being incorporated there. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 406 (2017); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

Specific jurisdiction over the nonresident defendant is present if the defendant purposefully directed his activities at residents of Texas and the litigation arose from or related to those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414; *Guardian Royal Exch. Assurance, Ltd.*, 815 S.W.2d at 227.

Even if the nonresident defendant has purposefully availed himself of personal jurisdiction in Texas, we must also conclude that the defendant's liability arises from or is substantially connected to those contacts. *See Burger King*, 471 U.S. at 472; *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414; *Guardian Royal Exch. Assurance, Ltd.*,

5

815 S.W.2d at 226. Thus, we review the substantial connection between the operative facts of the litigation based on the claims involved in the litigation and the defendant's contacts with Texas. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 340 (Tex. 2009).

## II. GENERAL JURISDICTION

By its first issue, appellant contends that appellee failed to establish that it is "at home" in Texas; therefore, there is no evidence of general jurisdiction.

## A. Applicable Law

General or all-purpose personal jurisdiction requires that a defendant be "essentially at home" in the forum state. *State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 412 (Tex. 2023) (quotation marks omitted). "This kind of personal jurisdiction allows courts to render a binding judgment against a defendant even if the plaintiff's claims neither arise from activities conducted in the forum state nor relate to the forum state or the defendant's activity there." *Id.* (cleaned up). Under general jurisdiction, the cause of action "may concern events and conduct anywhere in the world." *Id.* (quotation marks omitted).

Specific jurisdiction requires that the operative facts of the defendant's acts relate to the plaintiff's claims; general jurisdiction allows a defendant to be sued "on any and all claims against it, wherever in the world the claims may arise." *Daimler AG*, 571 U.S. at 121. In other words, under general jurisdiction, there is no need to tie the defendant's acts with the plaintiff's claims. *Id.* at 132 ("[A] corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to

6

suits unrelated to that activity.'"); *see also Grupo Mex. S.A.B. de C.V. v. Mt. McKinley Ins. Co. and Everest Reinsurance Co.*, No. 13-17-00134-CV, 2020 WL 486501, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 30, 2020, pet. denied) (mem. op.) ("General jurisdiction, on the other hand, does not require a nexus between the defendant's in-state contacts and the plaintiff's claim; instead, the focus is solely on the defendant's contacts with the forum."). We must only focus on the defendant's contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414; *see also Grupo Mex.* , 2020 WL 486501, at *4.

## B. Discussion

Appellant contends that it met its burden to negate general jurisdiction because "the undisputed facts confirm that this is not an exceptional case for general jurisdiction." Specifically, appellant argues that its "operations in Texas represent a small fraction of its operations across the country and across the world" because it employs 58,500 people in California and 169,000 people worldwide, while in contrast it has a total of 2,400 permanent employees in Texas. Appellant states that even considering its temporary employees, interns, advisers, vendors, and other miscellaneous employees which total approximately 5,500 employees in Texas, its number of employees in Texas is not enough to support a conclusion that appellant is "essentially at home" in Texas. In addition to tying appellant to Texas based on appellant's 5,500 Texas employees, appellee claims that general jurisdiction applies because appellant has one of its four data centers in

7

Texas.[1] According to appellee, "Texas accounts for approximately 8.9%" of appellant's U.S. revenue and 4% of its worldwide revenue. Thus, appellee argues that general jurisdiction over appellant exists due the number of employees appellant has in Texas, the fact that appellant has one of four data centers in Texas, and 8.9% of appellant's revenue in the United States and 4% of its worldwide revenue is made in Texas.

In *BNSF Ry.*, the United States Supreme Court stated that under general jurisdiction principles, its due process precedent under the Fourteenth Amendment does not support for "a State to hale an out-of-State corporation before its court when the corporation is not 'at home' in the State . . . ." 581 U.S. at 405–06. The Court explained that "[t]he 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *Id.* at 413. However, only in an "exceptional case," the Court explained could "a corporate defendant's operations in another forum" be "so substantial and of such a nature as to render the corporation at home in that State." *Id.* The Court cited *Perkins v. Benguet Consol. Mining Co.*, as being one such exceptional case. 342 U.S. 437, 447–48 (1952). In that case, the corporation was forced by war "to temporarily relocate the enterprise from the Philippines to Ohio." *BNSF Ry.*, 581 U.S. at 413. Therefore, according to the United States Supreme Court, Ohio had general jurisdiction over the defendant corporation "[b]ecause Ohio then became 'the center of the corporation's wartime activities.'" *Id.* In *Daimler AG*, the United States Supreme Court clarified that it has

---

[1] According to appellee, appellant has 250 employees at the Texas data center.

8

"declined to stretch general jurisdiction beyond limits traditionally recognized" in *Perkins*. 571 U.S. at 132.

The *BNSF Ry.* Court emphasized that the defendant was not amenable to general jurisdiction because it had not been incorporated in the forum State and did not maintain a principal place of business there. *BNSF Ry.*, 581 U.S. at 414. The Court noted that the defendant corporation, BNSF, had over 2,000 miles of railroad track and more than 2,000 employees in the forum state; however, general jurisdiction analysis "does not focus solely on the magnitude of the defendant's in-state contacts." *Id.* The activities of the defendant must amount to having its principal place of business in the forum state. *See id.*

Here, it is undisputed that appellant is not incorporated in Texas and does not maintain a principal place of business there. *See id.* at 413. "Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable." *Daimler AG*, 571 U.S. at 137. Additionally, allegations that the defendant maintains in-state business alone does not suffice to subject a corporation to general jurisdiction. *See id.* at 137–38. The United States Supreme Court rejected the argument that a State has general jurisdiction over that defendant because the defendant conducts some business in that state. *See id.* The Court stated, "Plaintiffs would have us look beyond the exemplar bases [such as having a principal place of business in the state or being incorporated in the states as] *Goodyear* identified, and [instead] approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'"; however, "[t]hat

9

formulation . . . is unacceptably grasping." *Id.* (discussing *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919, 924 (2011)).

The United States Supreme Court explained that "the words 'continuous and systematic' were used in *International Shoe* to describe situations in which the exercise of specific jurisdiction would be appropriate." *Id.* at 138. Instead, the proper question in a general jurisdiction analysis is: "whether [a foreign] corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Id.* at 138–39 (internal quotations omitted).

In *Perkins*, the defendant admittedly and indisputably moved its principal place of business to Ohio; that is not the case here. *See id.*; *see also BNSF Ry.*, 581 U.S. at 413; *Daimler AG*, 571 U.S. at 132 (setting out that "the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction,'" but "such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant'"). Appellant has not temporarily relocated its business to Texas, and we find no authority supporting a conclusion that it is sufficient to find general jurisdiction based merely on appellant conducting the amount of business it performs in Texas or employing its number of employees in Texas. Thus, we are not persuaded that appellant's contacts with Texas are sufficient to find under guiding precedent that appellant is "essentially at home" in Texas. *See BNSF Ry.*, 581 U.S. at 413; *see also Daimler AG*, 571 U.S. at 129 (explaining that *Perkins* "remains the textbook case of general jurisdiction appropriately exercised over a foreign corporation that has not consented to suit in the forum") (internal quotations omitted). To subject appellant to

10

general jurisdiction in Texas, would allow that appellant "be sued on any and all claims against it [in Texas], wherever in the world the claims may [have] arise[n]" because its business in Texas equates with it having its principal place of business in Texas. *See Daimler AG*, 571 U.S. at 121. The crux of *Perkins*, according to the United States Supreme Court, is that Ohio, the forum state, had become "the corporation's principal, if temporary, place of business.'" *Daimler AG*, 571 U.S. at 130 (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 780, n.11 (1984)). Here, that is not the case; it is undisputed that appellant has not made Texas its temporary principal place of business and appellee has not made such a claim. Furthermore, we are without authority to support a conclusion that appellant's business dealings as previously set out above in Texas have in essence made Texas its principal place of business. *See id.* We agree with appellant that general jurisdiction requires that the out-of-state corporate defendant's in-state activities be equivalent to the defendant incorporating or establishing a principal place of business in the forum that is rendering them "essentially home in the forum state." *See Goodyear*, 564 U.S. at 919, 924; *Volkswagen*, 669 S.W.3d at 412; *see also Grupo Mex.*, 2020 WL 486501, at *4. The small percentage of business that appellant performs in Texas as alleged by appellee does not even amount to substantial, continuous, and systematic contacts, but even if it does, the United States Supreme Court has disavowed that rubric as the proper measure of analyzing general jurisdiction. *See Goodyear*, 564 U.S. at 919, 924; *Volkswagen*, 669 S.W.3d at 412; *see also Grupo Mex.*, 2020 WL 486501, at *4. Instead, general jurisdiction analysis "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *See Daimler AG*, 571 U.S. at 139 n.20. From

11

our appraisal of the record before us, appellant's activity in Texas compared with its nationwide and worldwide activity does not support a conclusion that appellant has made Texas its home. *See id.* Appellee's allegations are insufficient to meet its initial burden. Moreover, without more, these allegations effectively negate the trial court's general jurisdiction. Appellant cannot be "essentially at home" in every foreign jurisdiction where it operates. *See BNSF Rye.*, 581 U.S. at 413; *Daimler AG*, 571 U.S. at 139 & n.20; *Goodyear*, 564 U.S. at 919; *Perkins*, 342 U.S. at 447–48; *see also Grupo Mex.*, 2020 WL 486501, at *6.

Therefore, we conclude that appellant negated general jurisdiction in Texas under these facts and that the trial court should have granted its special appearance on general jurisdiction grounds. *See Daimler AG*, 571 U.S. at 132 ("[A] corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'"). We sustain appellant's first issue.[2]

---

[2] In its response to appellant's special appearance, appellee lists all properties owned by appellant as evidence that general jurisdiction applies. Specifically, appellee lists the following:

- 800,000 square feet in the 35-floor Google Tower (Austin)

- The top 10 floors of the 500 West 2nd building (Austin)

- 150,000 square feet across all seven floors of a Saltillo building (Austin)

- 11,000 square feet in the One Buffalo Heights building (Houston)

- At least one office in Dallas, Texas (Dallas)

- A $600 million data center (Midlothian)

- A planned $600 million data center (Red Oak)

- A Google Fiber Kiosk (San Antonio)

### III. SPECIFIC JURISDICTION

By its second issue, appellant contends that in its petition, appellee did not allege facts supporting a conclusion that Texas has specific jurisdiction over appellant and that it negated specific jurisdiction. Specifically, appellant argues that its contacts do not amount to purposeful availment and no substantial connection exists between its contacts with Texas and the operative facts of the litigation.

#### A. Applicable Law

Specific personal jurisdiction focuses on the defendant's connections with the state and its relationship to the plaintiff's claims. *See Volkswagen*, 669 S.W.3d at 412. In our specific-jurisdiction analysis we measure the two co-equal components of relatedness and purposeful availment. *Moki Mac*, 221 S.W.3d at 579. The relatedness inquiry defines "the appropriate 'nexus between the nonresident defendant, the litigation, and the forum.'" *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 14 (Tex. 2021) (quoting *Moki Mac*, 221 S.W.3d at 579). "[T]he exercise of specific jurisdiction is prohibited if 'the suit' does not 'arise out of or relate to the defendant's contacts with the forum.'" *Id.* (alterations omitted). Thus, the lawsuit must arise from or relate to "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 9 (citing *Hanson v. Denckla*,

---

• Additional Google offices (Addison)

However, as set out by the United States Supreme Court, we must appraise appellant's contacts in Texas by comparing them with appellant's nationwide and worldwide business. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014). And here there is no evidence that appellant's contacts in Texas are the same, equal to, or greater than its worldwide and nationwide contacts as to render Texas its principal place of business.

357 U.S. 235, 253 (1958)).

"The 'touchstone of jurisdictional due process [is] 'purposeful availment.'" *Id.* The defendant's act in the forum state must amount to it purposefully availing "'itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). A defendant that has "'deliberately' engaged in significant activities within a state," has "'manifestly . . . availed himself of the privilege of conducting business there." *Id.* (quoting *Burger King*, 471 U.S. at 475–76 (cleaned up)). Therefore, because the defendant has availed itself of the "'benefits and protections' of the forum's laws, it is 'presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.'" *Id.*

Whether the defendant has had minimum contacts with the forum state depends solely on the defendant's acts within that state. *Id.* Additionally, "fortuitous" or "attenuated" contacts cannot "be relied upon to satisfy the requirements of due process." *Id.* "Rather, whether due process is satisfied depends upon 'the quality and nature of the activity in relation to the fair and orderly administration of the laws.'" *Id.* (quoting *Int'l Shoe*, 326 U.S. at 319).

Even when a defendant has had purposeful contacts with the forum states, "the exercise of specific jurisdiction is prohibited if 'the *suit* does not aris[e] out of or relat[e] to the defendant's contacts with the forum." *Id.* at 14. This relatedness doctrine requires a nexus between the defendant's contacts and the litigation and the forum. *Id.* There must be a "substantial connection" between the operative facts of the litigation and the

defendant's contacts with the state. *Id.* In other words, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.*

## B. Relatedness

Appellant argues that we should begin our analysis of specific jurisdiction by examining the relatedness doctrine first. Appellant states, that appellee's "live petition identifies various general business contacts that Google has with Texas, which are insufficient to be 'at home' in the state and also wholly unrelated to this case." Appellant claims that "[e]ven a 'flood' of purposeful contacts with a forum state is irrelevant if 'the *suit*' does not 'arise out of or relate to the defendant's contacts with the *forum*.'" Because we agree with appellant, we will first analyze whether the contacts as alleged by appellee are related to the operative facts and the State of Texas. *See id.*

### 1. The Allegations

Appellee sued appellant pursuant to the DTPA. Appellee alleged that appellant

has become one of the richest companies in the world, in part, by deceiving Texans and profiting off their confusion. Specifically, [appellant] has systematically misled, deceived, and withheld material facts from users in Texas about how and why their behavior is tracked and how to stop [appellant] from monetizing their personal data. As relevant to this Petition, [appellant]'s deceptive practices fall into two closely related buckets: tracking location history and tracking private-browsing activity.

Appellee accused appellant of deceiving Texas residents into believing that users can disable location tracking. In addition, appellee accused appellant of collecting Texas users browsing history, even when the users believe that they are not being tracked by

15

appellant because appellant claims that its users can go incognito, which appellee claims is a sham. According to appellee, appellant lies about how it tracks and collects data about its Texas users, and Texas residents are unaware of this deception. Appellee avers that appellant's deception to Texas users is motivated by appellant's desire for more profits from the information it gathers unbeknownst to its users. Appellee alleged that appellant misleads Texas users through both misrepresentations and omissions.

Appellee stated that appellant does the following:

[(1)] uses its window into millions of Texans' personal lives to sell "targeted" advertising designed to exert the maximum influence over those users. In so doing, the Company has reaped spectacular gains at the expense of Texans' privacy. Indeed, [appellant] has generated hundreds of millions—if not billions—of dollars of advertising revenues from ads presented to users in Texas alone.

. . . .

[(2)] has caused and will cause adverse effects to consumers in Texas, to legitimate business enterprises which lawfully conduct trade and commerce in this state, and to the State of Texas. Therefore, the Consumer Protection Division of the Office of the Attorney General of the State of Texas is of the opinion that these proceedings are in the public interest.

## 2. Discussion

To prevail, appellee must show that there is a "substantial connection" between appellant's contacts and the operative facts of the litigation." *Id.* If the focus of the trial involves facts that occur outside of the forum state, then the operative facts are not sufficiently related. *Moki Mac*, 221 S.W.3d at 585. Thus, if the events that took place outside of Texas would "consume most if not all of the litigation's attention" and "the overwhelming majority of the evidence [would] be directed" at events outside of Texas,

then the contacts are not sufficiently related to the litigation's operative facts. *Id.* "[A] nonresident directing a tort at Texas from afar is insufficient to confer specific jurisdiction." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 157 (Tex. 2013). In our analysis of the relatedness doctrine, we consider what the principal complaint involves. *TV Azteca v. Ruiz*, 490 S.W.3d 29, 53 (Tex. 2016).

Appellees do not specifically plead allegations that the operative facts of the litigation are related to appellant's contacts with Texas. *See Luciano*, 625 S.W.3d at 8 (the plaintiff bears the initial burden to plead allegations sufficient to confer jurisdiction). Nonetheless, the evidence shows that appellant's alleged contacts with Texas were made by appellant's employees who were not in Texas. Appellee has not alleged that any of appellant's Texas employees made the misleading statements. Thus, the evidence shows that appellant's employees directed the alleged misleading statements from afar, which is insufficient to confer specific jurisdiction. *See Moncrief Oil Int'l Inc.*, 414 S.W.3d at 157. The principal complaint that the terms of service and disclosures made by appellant were misleading requires that the overwhelming evidence be directed at events outside of Texas. [3] *Id.* Stated differently, appellee has not identified an "activity or

---

[3] In *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 365 (2021), the product that the defendant marketed in the forum state caused injury in that state. *See id.* The *Ford* court explained that the allegations that the products caused the plaintiffs' injuries in the forum state was related to Ford's activities of selling its products in the forum states and emphasized that the ads in the local media and instate activities possibly caused the plaintiffs to purchase the vehicles. *Id.* at 367. Thus, the operative facts of the litigation regarding the plaintiff's injuries occurring in the forum states were related to Ford's activities in the forum states. *See id.* Here, appellee has not alleged that the product itself caused the injury. Instead, appellee asserts that appellant's employees who were not in Texas caused the complained-of injuries while not in Texas. Thus, the operative facts all occurred outside of Texas, and we cannot conclude that under these facts, *Ford* applies. *See id.* at 366 ("That is why this Court has used this exact fact pattern (a resident-plaintiff sues a global car company, extensively serving the state market in a vehicle, *for an in-state accident*) as an illustration—even a paradigm example—of how specific jurisdiction works." (emphasis

occurrence . . . that takes place in" Texas. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (cleaned up). Accordingly, we cannot conclude that appellee met its initial burden to show that appellant's allegedly tortious conduct occurring outside of Texas is sufficient to confer specific jurisdiction over appellant. *See Moncrief Oil Int'l Inc.*, 414 S.W.3d at 157; *see also Ford Motor Co.*, 592 U.S. at 362 n.3 (rejecting the "view that a state court should have jurisdiction over a nationwide corporation . . . on *any* claim, no matter how unrelated to the State or [the corporation's] activities there" and explaining that "[r]emoving the need for any connection between the case and forum State would transfigure our specific jurisdiction standard as applied to corporations"). We sustain appellant's second issue.

## IV. CONCLUSION

The trial court's order denying the special appearance is reversed and judgment is rendered dismissing all of appellee's claims against appellant for want of personal jurisdiction.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
9th day of January, 2025.

---

added)).

18



# THE THIRTEENTH COURT OF APPEALS

## 13-23-00114-CV

GOOGLE LLC
v.
THE STATE OF TEXAS

On Appeal from the
377th District Court of Victoria County, Texas
Trial Court Cause No. 22-01-88230-D

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes the judgment of the trial court should be reversed and rendered. The Court orders the judgment of the trial court REVERSED and RENDERS judgment in accordance with its opinion. Costs of the appeal are adjudged against appellee.

We further order this decision certified below for observance.

January 9, 2025

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angie Espinoza on behalf of Robyn Hargrove
Bar No. 24031859
aespinoza@scottdoug.com
Envelope ID: 96070479
Filing Code Description: Other Document
Filing Description: Letter to 15th COA Re Opinion Dismissing Victoria Case on Jurisdictional Grounds
Status as of 1/10/2025 10:10 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bryan DLauer | | blauer@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Melissa Patterson | | mpatterson@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Robyn BHargrove | | rhargrove@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Steven JWingard | | swingard@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| John W.Ellis | | jellis@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Angela Goldberg | | agoldberg@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Nanette Dinunzio | 24036484 | Nanette.Dinunzio@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Kevin Cullen | 5208625 | kcullen@cullenlawfirm.com | 1/10/2025 9:57:03 AM | SENT |
| Joseph Graham | 24044814 | joseph.graham@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Steven Robinson | 24046738 | Steven.Robinson@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Ronald Walker | 20728300 | rwalker@walkerkeeling.com | 1/10/2025 9:57:03 AM | SENT |
| Christin Vasquez | 24074047 | christin.vasquez@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Christopher Schuelke | 24008000 | Brad.Schuelke@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Marc Collier | 792418 | marc.collier@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Jennifer Roscetti | 24066685 | jennifer.roscetti@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 1/10/2025 9:57:03 AM | SENT |
| Julie Ann Searle | 24037162 | julie.searle@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Angie Espinoza | | aespinoza@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Maria Williamson | | maria.williamson@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Gary Gould | 24104995 | gary.gould@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Barbara Light | 24109472 | barbara.light@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Jameson Joyce | 24110070 | Jameson.Joyce@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angie Espinoza on behalf of Robyn Hargrove
Bar No. 24031859
aespinoza@scottdoug.com
Envelope ID: 96070479
Filing Code Description: Other Document
Filing Description: Letter to 15th COA Re Opinion Dismissing Victoria Case on Jurisdictional Grounds
Status as of 1/10/2025 10:10 AM CST

Case Contacts

| Name | Bar | Email | Timestamp | Status |
|---|---|---|---|---|
| Jameson Joyce | 24110070 | Jameson.Joyce@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Ruth Adams | | radams@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Lanora Pettit | 24115221 | lanora.pettit@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Ralph Molina | 24116780 | Ralph.Molina@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Steve McConnico | | smcconnico@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Michelle Joyner | | mjoyner@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Isabela Pena-Gonzalez | 24126596 | isabela.penagonzalez@gmail.com | 1/10/2025 9:57:03 AM | SENT |
| Chason Sippel | 24126753 | chase.sippel@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Zachery Newton | 24126971 | zachery.newton@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Christopher Cooke | 24129241 | christopher.cooke@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Jordan Kadjar | | jkadjar@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Kristina Williams | 24078303 | kristina.williams@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Kevin Lie | 24136085 | kevin.lie@nortonrosefulbright.com | 1/10/2025 9:57:03 AM | SENT |
| Toni Shah | | toni.shah@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Shelby Hart-Armstrong | | sharmstrong@scottdoug.com | 1/10/2025 9:57:03 AM | SENT |
| Aaron Nielson | 24140653 | aaron.nielson@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |
| Brent Webster | 24053545 | brent.webster@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William FCole | | William.Cole@oag.texas.gov | 1/10/2025 9:57:03 AM | SENT |